## JOHNSON *against* HITCHCOCK.

IN ERROR, on *certiorari* to a justice's court.

This was an action on the case brought by the defendant in error against the plaintiff in error, for a disturbance of his right of ferry, and his use and enjoyment thereof, and hindering persons from crossing at the same. It appeared that the defendant below had endeavoured to divert travellers from the ferry of the plaintiff, representing it not to be as good as another near it, and had, on many occasions, succeeded. No evidence was offered on the part of the defendant, and the jury found a verdict for the plaintiff below, for 22 dollars and 16 cents, on which judgment was rendered.

*No action lies for representing the plaintiff's ferry not to be as good as another rival ferry, and inducing and persuading travellers to cross at the other, and not at the plaintiff's ferry.*

*Per Curiam.* It is clear, from the evidence, that the defendant below has, on many occasions, interfered, and prevented persons from crossing at the plaintiff's ferry ; and if there is a good cause of action, the testimony shows an injury, probably, to the amount of the recovery. But there is

NEW-YORK,
May, 1818.

no principle on which this action can be sustained. The evidence, imperfectly as it is stated, is sufficient to warrant the conclusion, that these are rival ferries near each other, and that the defendant below was unfriendly to the plaintiff's ferry, and endeavoured to turn the custom to the other. This action does not appear to be founded on any slander of title, even admitting that an action of that kind might be sustained in a justice's court. Both ferries, from any thing that appears to the contrary, have equal rights, and equal claims to be upheld and supported, and it cannot furnish a cause of action that travellers have been persuaded to cross the one rather than the other. If an action would lie in this case, it would in all cases of rival business, where any means are used to draw custom; and if this were once admitted, it would be difficult to know where to stop. The judgment must be reversed.

Judgment reversed.